Charles A. Loreto, J.
The plaintiffs (who will herein be referred to by first name) are half sisters, Bertha claiming individual ownership of the money in dispute and Zoe claiming it as executrix of the estate of their deceased father. At the time of his death, Zoe had in her possession a bank passbook in the joint names of the deceased and her sister Bertha which showed a balance of $8,732.29 on deposit, Zoe having obtained it from him several years prior to his death presumably for safekeeping for him. These two suits were consolidated for trial, pursuant to court order, and the bank has been permitted to deposit the money credited to said account.
*478 The deceased as plaintiff had commenced the second action against his daughter Bertha claiming the money on deposit. After his death, by court order that action was revived and his daughter Zoe as executrix of his estate was substituted as plaintiff. In Bertha’s action the claim is to recover the money in the specific bank account. In the action of Zoe, the executrix, the claim is framed seeking a personal judgment for the amount found in the bank account. The court permitted the withdrawal without prejudice of the counterclaim Bertha set forth in the second cause of action. The executrix, Zoe, bases the claim of the estate principally on a statement of the deceased in his examination before trial obtained at the time he was plaintiff, as follows:
“ Q. How much money did you give to Bertha Chovit? A. $7000 — in cash.
“ Q. Where did you get the $7000 — from? Question objected to by counsel.”
The examination was taken at the instance of defendant Bertha therein and was closed without further interrogation as to the source of the money which deceased said he gave Ms daughter Bertha. During this trial objection was made to admission of decedent’s statement. The argument is that it should not be received because inquiry on that cardinal point was barred by objection raised during the examination, and that since the examined party is not available at the trial, the examining party is deprived of his fundamental right to cross-examine. It is true that generally when a party is denied the right to cross-examine a witness, such other testimony as has been given by the witness is inadmissible upon the trial. The court admitted that proof tentatively, agreeing to strike it if upon research authority were found indicating it to be inadmissible. The point raised is unusual and no reported case precisely covering it has been found. Sound policy and reason, in the court’s opinion, favors its admission, for the examining-party could have pressed for an answer to the question objected to and could have pursued that line of inquiry if he had gone before the court for a ruling and direction (Rules Civ. Prac., rule 129), or, failing that, he could have moved for suppression of the examination. This he did not do but concluded the examination, had it sworn to and signed and awaited the trial. Unfortunately for him, the examined party is unavailable at the trial because of his death. That he is denied the opportunity of cross-examination on this vital point at this time is a risk that he assumed and must bear. The court holds that he is *479 estopped from opposing its admission. Indirect support for this conclusion is found in Sturm v. Atlantic Mut. Ins. Co. (63 N. Y. 77, 87). To rule otherwise would reduce to a futile exercise what is intended as a purposeful pretrial procedure.
Although the court receives the statement made by the deceased before trial, its evidentiary value will be considered in the light of the objection then presented precluding a testing of its truthfulness. Its probative value in this case is therefore slim indeed.
The executrix, Zoe, also relies in support of the claim of the estate upon a writing (her Exhibit 13) given by her sister Bertha to her father wherein Bertha states that the money in the bank is her father’s. Full and creditable explanation of the incident attendant upon the writing and the giving of this exhibit by Bertha to her father was given. It appears that he had made a deposit of $200 originally in a joint account. That $200 is the only money of the deceased that entered that bank account or any other account in question. At a time when he was ill and greatly agitated, seeking an immediate return of that money, Bertha not having it available to give to him at that moment, and in order to allay his fears because of his age and physical condition, gave him that writing scrawled on a piece of cardboard, omitting in the excitement to state the figure of $200. The court believes that that is the only amount that was intended to be covered by that instrument. And on another similar occasion, to quiet him as to where the $200 was kept, she exhibited the bankbook to which her money had been added, which he seized and retained until Zoe secured it.
As to the claim in chief the plaintiff Bertha has offered clear and convincing proof that, except for the said $200 and an additional $800 later given to her to use to defray expenses for his care and attention during a period of his illness, all other money claimed in this lawsuit represents money that is hers which has been traced to sources of earnings and savings of her husband and herself.
The deceased prior to his death undoubtedly recognized that his claim against Bertha herein was unfounded and gave her a signed statement (her Exhibit I) asking that his action against her be dropped. Why it was not then discontinued has not been explained. The attorney then representing the deceased had no right to continue the suit if he had received clear instruction to discontinue it.
Accordingly the court finds in the first cause of action brought by Bertha as plaintiff in her favor for the sum therein claimed, *480 and in the second canse of action finds in behalf of plaintiff Zoe, this executrix, in the sum of $200. Judgment may be entered accordingly in each ease.
Findings of fact and conclusions of law having been waived, this opinion constitutes the decision of the court.